# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| GARY COLLINS, ) | |
|         Plaintiff, ) | |
| v. ) | No. 04-3378-CV-S-DW |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security Administration, ) | |
|         Defendant. ) | |

## ORDER

Before the Court is Plaintiff Gary Collins' social security brief. (Doc. No. 8.) In the brief, Plaintiff asks that this Court reverse the decision of the Administrative Law Judge ("ALJ"), who found that Plaintiff had the "residual functional capacity" for light exertional work and, therefore, was not disabled under the Social Security Act. Because Plaintiff has exhausted his administrative remedies, jurisdiction is conferred on this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Suffice it to say, Plaintiff claims that he is entitled to disability benefits because he suffers from a condition of chronic low back pain. After a thorough review of the entire record, the Court affirms the ALJ's decision.

I.

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g) and 1383(c)(3); Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. Warburton, 188 F.3d at 1050.

In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. Id. Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result, Pierce v. Apfel, 173 F.3d 704, 706 (8th Cir. 1999), even if the Court might have weighed the evidence differently and reached a different result if it were reviewing the case de novo, Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. 42 U.S.C. §§ 423 (d)(1)(A), (d)(2) (1994); Timmerman v. Weinberger, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The first step in the process is to determine whether the claimant is engaging in "substantial gainful activity." Lannie v. Shalala, 51 F.3d 160, 163 (8th Cir. 1995). If the claimant is not engaging in substantial gainful activity, then the second step is to ascertain whether the claimant's impairment (or combination of impairments) is severe. Id. If the impairment is not severe, the claim is denied. Where the impairment is severe, it is compared to the Listing of Impairments that contains impairments that are considered to be so severe that they preclude substantial gainful activity as a matter of law. Id. If the severity of the impairment equals or exceeds that of a listed impairment,

the claim is allowed. Id. When a severe impairment does not equal or exceed any impairments in the Listing, the Commissioner must determine the claimant's residual functional capacity. Id. If, given the claimant's residual functional capacity, he can meet the demands of past work, the claim is denied. Lannie, 51 F.3d at 163.

Through these first four steps, the burden is on the claimant to prove that he is disabled. If the claimant is not able to perform his past work, however, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform. Id.; see also 20 C.F.R. § 404.1566 (defining how the Commissioner determines whether jobs exist in the national economy in substantial numbers). If such jobs do not exist in significant numbers, the claim is allowed. Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995).

II.

Plaintiff challenges the ALJ's decision on a single ground. He argues that the ALJ erred in discounting the medical opinion of his treating physician, Dr. Myo Win, when determining Plaintiff's residual functional capacity during step four of the sequential process. Plaintiff's argument continues that because the ALJ erred during step four, his findings under step five are erroneous as well.

Dr. Win treated Plaintiff from July 18, 1997, through June 9, 2003. The treatment was sporadic during this time period and covered a wide range of complained of ailments, including: abdominal pain, stiff neck, shoulder pain, lower back pain, insomnia, wheezing, shortness of breath, anxiety, depression, Hepatitis C, nasal congestion, right hip pain, hearing loss, coronary artery disease, alcohol abuse, fever, allergic rhinitis, and constipation.

In August 2003, Dr. Win submitted a Medical Source Statement in which he diagnosed

Plaintiff with "chronic low back pain radicular type." Trans. at p.448. Based on Plaintiff's condition, Dr. Win opined that Plaintiff could lift and/or carry 10 pounds frequently; lift and/or carry 15 pounds occasionally; stand and/or walk continuously for less than 15 minutes; sit continuously 30 minutes; stand less than one hour in an 8 hour day; and sit 3 hours in an eight hour day. Dr. Win determined that Plaintiff needed to lie down 6 times for at least 15-30 minutes during an 8 hour day. The doctor made these conclusions based on a personal examination of the plaintiff, the nature of Plaintiff's diagnosed impairments, a review of the medical records, test results, and Plaintiff's subjective complaints. Trans. at p.447-48.

In addition to the opinion of Dr. Win, the ALJ considered the medical opinions of Drs. Charles Ash, G. Coleman, and Vincent Previti. Dr. Ash, an orthopedic specialist, examined Plaintiff in December 2003. With the exception of some tenderness in Plaintiff's lumbar region and upper thoracic, the physical examination was essentially normal. Trans. at p.452-53. Dr. Ash completed a Medical Source Statement in which he concluded that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; climb, balance, kneel, crouch, crawl, and stoop occasionally; and sit, stand and walk 6 hours in an 8 hour day. Id. at p.454-57.

Consistent with Dr. Ash's Medical Source Statement was the Functional Capacity Assessment of Drs. Coleman and Previti, who opined that Plaintiff could perform work at the light exertional level; lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand and walk six hours in an 8 hour day.

In his decision, the ALJ discounted the medical opinion of Dr. Win. The ALJ found that, although the treating physician, Dr. Win was not a specialist, like Dr. Ash. Further, the ALJ found that Dr. Win's opinion was not supported by objective medical evidence. In an attempt to

4

understand how Dr. Win formed his opinion, the ALJ requested that he supply the agency with supporting medical evidence; however, the ALJ's request was answered with little in the way of specific medical findings. Lastly, the ALJ pointed out that Dr. Win's reasoning was internally inconsistent. For example, though he stated that Plaintiff could not sit, stand or walk for more than 3 hours per day, Dr. Win also found that to relieve symptoms Plaintiff needed only to lie down 6 times for up to 30 minutes at a time (for a total of 3 hours per day). Thus, whereas Dr. Win claims that Plaintiff could only sit, stand or walk for 3 hours per day, he also seemed to suggest that Plaintiff could sit, stand or walk for 5 hours daily (with 3 hours of rest). For these reasons, the ALJ gave reduced weight to Dr. Win's opinion.

The general rule is that an ALJ must give controlling weight to a treating physician's medical opinion. Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005) An exception to this rule exists where the medical record contradicts the treating physician's opinion. Id. at 995. After reviewing the record, the Court finds that the ALJ correctly applied that exception in this case. As noted by the ALJ, Dr. Win's opinion contradicted the medical opinion of Dr. Ash – a specialist. For this reason alone, the ALJ was correct to view Dr. Win's opinion with skepticism. See Hensley v. Barnhart, 352 F.3d 353, 356 (8th Cir. 2003) ("[T]he opinions of [claimant's] treating physicians tended to conflict with that given by Dr. Rica, who is a specialist and whose opinion is generally entitled to more weight.") Moreover, Dr. Win's opinion was internally inconsistent and not supported by the medical record as a whole. Again, the ALJ was correct to discount Dr. Win's opinion for these reasons. See Ellis, 392 F.3d at 994-95 (stating that a treating physician's opinion may be rejected if inconsistent with medical record).

Given the entire medical record in the case, the Court finds that the ALJ did not error in

5

Case 6:04-cv-03378-DW   Document 10   Filed 05/04/05   Page 5 of 6

discounting Dr. Win's opinion. That opinion contradicted the medical record, including the opinions of Drs. Ash, Coleman and Previti, and contained internal inconsistencies. The ALJ was correct to base the residual functional capacity on medical evidence other than the opinion of Dr. Win.

For the foregoing reasons, the decision of the ALJ is affirmed.

IT IS SO ORDERED.

/s/ DEAN WHIPPLE  
Dean Whipple  
United States District Court

Date:  May 4, 2005